UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DETENTION EQUIPMENT INSTALLATION, LLC | CIVIL ACTION |
| VERSUS | NO. 20-2342 |
| C.A. OWENS & ASSOCIATES, INC., ET AL. | SECTION "L" (4) |

**ORDER AND REASONS**

On February 25, 2021, the Court denied Imtiaz A. Siddiqui's request to withdraw as Plaintiff's counsel in this case. Mr. Siddiqui subsequently filed a motion reconsider this Order, arguing that the cases cited by the Court do not stand for the proposition that a corporation cannot appear *pro se*. R. Doc. 57-1 at 3-4.

It is a well-settled rule in that corporations cannot represent themselves *pro se* before this Court. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *FDIC v. Mmahat*, 210 F.3d 369 (5th Cir. 2000) ("Our precedent is clear that a partnership, like a corporation, is a fictional legal person that must be represented in court by a licensed attorney."); *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (holding "the 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel'") (internal citations omitted); *Sw. Exp. Co., Inc. v. I. C. C.*, 670 F.2d 53, 55 (5th Cir. 1982) ("The contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected when raised."); *Turner v. Am. Bar Ass'n,* 407 F. Supp. 451, 476 (N.D. Tex. 1975), *aff'd sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd*

*sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of s 1654 is that they must be represented by licensed counsel.").

Therefore, the Court will not allow Plaintiff Detention Equipment Installation, LLC to represent itself before this Court. The Court instructs Mr. Siddiqui to advise his client of this rule and encourage his client to enroll new counsel. After either thirty days or the date when new counsel moves to enroll, whichever is sooner, the Court will reconsider whether Mr. Siddiqui may withdraw from this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider, R. Doc. 57, is presently **DENIED.**

New Orleans, Louisiana, this 4th day of March 2021.

_____
Judge Eldon E. Fallon